# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

_____ District of ___New Jersey_____

In re ___VoicePulse, Inc._____     Case No. ___16-25075 (MBK)_____
           Debtor

Chapter ___11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Ravi Sakaria, 41 Reed Drive South, West Windsor, NJ 08550_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Duane Morris LLP<br>The Legal Center<br>1037 Raymond Blvd., Ste. 1800<br>Newark, NJ 07102 | Production: 9/9/2016, 10 a.m.<br>Deposition: 9/14/2016, 10 a.m. |

The examination will be recorded by this method: ___Stenographer_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule attached hereto. Production should be made on or before 9/9/2016.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___August 25, 2016___

      CLERK OF COURT

                      OR

_____      _____
  *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Ketan Patel_____ , who issues or requests this subpoena, are:

Walther J. Greenhalgh, Ugo Colella, John J. Zefutie, Jr., Duane Morris LLP, 1037 Raymond Boulevard, Suite 1800, Newark NJ, 07102, 973-424-2000, wjgreenhalfgh@duanemorris.com, ucolella@duanemorris.com, jjzefutie@duanemorris.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Walter J. Greenhalgh, Esq.
Ugo Colella, Esq. (*Pro hac vice forthcoming*)
John J. Zefutie, Jr., Esq.
**DUANE MORRIS LLP**
*A Delaware Limited Liability Partnership*
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102
Tel.: (973) 424-2000
Fax.: (973) 424-2001
*Counsel for Creditor*
*Ketan Patel*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| VOICEPULSE, INC. | |
| Debtor. | Case No. 16-25075 (MBK) |

Be advised that the documents contained in the attached **Schedule A** are being requested in the context of a Federal Rules of Bankruptcy Procedure 2004 Subpoena and that discarding or altering any requested documents or deleting, writing over, scrubbing, or otherwise rendering unobtainable any requested electronic information existing at the time of service of this Subpoena will result in irreparable harm to the Creditor Ketan Patel ("Creditor" or "Mr. Patel") and will substantially prejudice his ability to prosecute any claims he may have. Any such destruction or tampering will subject You to an independent civil action. Failure to comply with this Subpoena will subject You to such penalties as provided by law.

Dated: August 25, 2016

**DUANE MORRIS LLP**
*A Delaware Limited Liability Partnership*
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102
*Counsel for Creditor*
*Ketan Patel*

By: *s/ John J. Zefutie, Jr.*
    John J. Zefutie, Jr., Esq.

# SCHEDULE A

## DEFINITIONS

A.     "You" and "Your" shall mean the recipient of this Subpoena including, but not limited to, its members, associates, counsel, of counsel, managers, holding companies, parent companies, affiliates, subsidiaries, predecessors, divisions, officers, directors, employees, commissioned salespeople, agents, representatives, and to the extent applicable, each office worldwide.

B.     "Record," "records," "report," "reports," "document," or "documents" are intended to be as comprehensive as possible, and include, without limitation, all "books, papers and other things," all original written, recorded, or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control (as defined in paragraph H, below), regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, worksheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, closing binders, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, photograph records, photographs, microfilm, data processing disks or tapes, and computer-produced interpretations thereof, printout sheets, punch cards, instructions, announcements, schedules, spreadsheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated.  In all cases where originals and/or non-identical copies

are not available, "record," "records," "report," "reports," "document," and "documents" also mean identical copies of original documents and copies of non-identical copies.

C.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside its scope.

D.    The use of the singular form of any word includes the plural and vice versa.

E.    The term "any" shall, in this subpoena, be construed as including "all" and "each."

F.    The term "Person" is defined as any natural person or any business, legal, or governmental entity or association.

G.    The term "Settlement Agreement" shall mean the Settlement Agreement entered into on November 23, 2010 in the matter captioned as *Ketan Patel v. Ravi Sakaria and VoicePulse, Inc.*, Docket No. MDX-C-208-10.

H.    The term "control" (including, with correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any person or entity, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such person or entity, whether through the ownership of voting securities, by contract or otherwise.

I.    The terms "entity" or "entities" shall include all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited duration companies, limited liability partnerships, any governmental or regulatory authority and all other forms of incorporated and unincorporated organizations that are not natural persons.

J.    "Debtor" shall mean VoicePulse, Inc.

K.    "Creditor" or "Mr. Patel" shall mean Ketan Patel.

L.      "Ravi Sakaria" or "Mr. Sakaria" shall refer to Ravi Sakaria, President of Debtor.

M.      "Debtor Entity" shall mean any entity in which the Debtor is a member or officer, directly or indirectly, or in which Debtor has a 1% ownership interest or greater.

N.      "Financial Records" shall mean and includes each of the following that were provided to You or by You or prepared by You or for You:

1.      Accountants' work papers.

2.      Financial statements, including but not limited to, balance sheets, income statements, cash flow statements and statements of shareholder equity, and consolidated and consolidating statements.

3.      General or other ledgers or journals.

4.      Bank statements and reconciliations.

5.      Financial Reports.

6.      Trial balances.

7.      Charts of Accounts.

## INSTRUCTIONS

1.      If You believe that any of the following requests for production of documents calls for an assertion of a claim of privilege, produce so much of the document(s) as is not objected to, state the part of each request as to which You raise objection, and set forth the basis for Your claim of privilege with respect to such information You refuse to give with sufficient specificity so as to allow the Court to determine the appropriateness of the objection.

2.      If, for reasons other than a claim of privilege, You refuse to produce any document described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

3.      Documents produced shall be segregated and marked according to the request(s) in response to which they are produced.

4. Each of these Definitions and Instructions shall be fully applicable to each request for production, notwithstanding that such Definition or Instruction may, in whole or in part, be reiterated in a particular request, or that a particular request may incorporate supplemental instructions or definitions.

5. Unless otherwise specified, this subpoena applies to the time period from January 1, 2011 to the present.

## LOST OR DESTROYED DOCUMENTS

If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify the document as completely as possible, providing as much of the following information as possible:

      a.    the type of document;

      b.    its date;

      c.    the date or approximate date it was lost, discarded or destroyed; and

      d.    identify the custodian of the document immediately prior to the document being lost, discarded or destroyed.

## SCHEDULE OF DOCUMENTS

1. Documents reflecting or referring to the relationship of Ravi Sakaria to the Debtor.

2. Documents reflecting or referring to any entity or entities in which Ravi Sakaria has an ownership interest. Your production should include, without limitation, documents identifying all officers, managers, and members of such entity or entities. Your production also should include, without limitation, copies of operating agreements, articles of organization, employment agreements, financial statements, and any corporate records filed with any state or federal agency by or on behalf of such entity or entities.

3.     Documents reflecting or referring to any loans made by any Person to Debtor, either directly or indirectly, including, without limitation, documents reflecting or referring to (i) the dates of loan; (ii) the amount of each loan; (iii) the terms of any and all agreements covering each loan; and (iv) the return or repayment of any part of each loan by Debtor.

4.     Documents reflecting or referring to any distribution of funds, payments, assignments, or transfers of assets from Debtor to any Person, either directly or indirectly, since January 2011 to present. Your production should include, without limitation, copies of any checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payment, negotiable instruments, or any other documents representing payment or transfer of assets from Debtor to any Person.

5.     Documents reflecting or referring to any distribution of funds, payments, assignments, or transfers of assets from Ravi Sakaria to any Person, either directly or indirectly, since January 2011 to present. Your production should include, without limitation, copies of any checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payment, negotiable instruments, or any other documents representing payment or transfer of assets.

6.     Documents reflecting or referring to any account in which the Debtor has an interest or to which it has access, wherever located, including, without limitation, documents reflecting or referring to the (i) the name in which the account is held; (ii) the type of account; (iii) transfers made from the account; and (iv) all parties to such transfers.

7.     Documents reflecting or referring to any property that is worth $5,000.00 or more, in which the Debtor holds an interest, including, without limitation, intellectual property, accounts receivable, repurchase agreements, swaps, derivatives, treasury bills, money market funds, notes, bonds, securities, collateral held, inventory, consumer products, building products, any items of

value, or any other kind of tangible or intangible asset, whether it has accrued or may accrue in the future, that is held by You, in escrow, trust, or as a nominee on behalf of the Debtor.

8.      Documents reflecting or referring to any interest that the Debtor or any Debtor Entity owns in a patent, copyright, or invention, including, without limitation, documents concerning any licensing or other type of income collected as a result of the patent, copyright, or invention.

9.      Documents reflecting or referring to money that the Debtor or any Debtor Entity ever borrowed from any Person, or property the Debtor or any Debtor Entity ever pledged or deposited to any Person, as collateral security including, without limitation, documents reflecting or referring to (i) the lender; (ii) the date of the transaction; (iii) the terms of the transaction; (iv) the amount borrowed from the lender; (v) the description of the property pledged or deposited, as collateral security; and (vi) the purpose of the transaction.

10.      Documents reflecting or referring to any collateral in which the Debtor or any Debtor Entity, directly or indirectly, has an interest that is in Your possession, custody, or control including, without limitation, documents reflecting or referring to (i) the description of the collateral; (ii) the value of the collateral; (iii) the interest held by the Debtor or any Debtor Entity; and (iv) the date You acquired the collateral.

11.      Documents reflecting or referring to any debt owed to any Person by the Debtor or any Debtor Entity including, without limitation, documents reflecting or referring to (i) the amount of the debt; (ii) the date the Debtor or any Debtor Entity incurred the debt; (iii) the amount of the debt that has been repaid; (iv) the date of each such repayment; (v) the source of funds for each such repayment; and (vi) the method of payment including, without limitation, the financial institutions from which funds were disbursed by the Debtor or Debtor Entity (including account numbers, wire transfer information, ABA numbers, check numbers, where applicable, and persons endorsing or authorizing payment on behalf of the payor).

12. Documents reflecting or referring to any debt owed to the Debtor or any Debtor Entity by any Person including, without limitation, documents reflecting or referring to (i) the amount of the debt; (ii) the date that the Person incurred the debt; (iii) the amount of the debt that has been repaid; (iv) the date of each such repayment; (v) the source of funds for each such repayment; and (vi) the method of payment including, without limitation, the financial institutions from which funds were disbursed by the Person (including account numbers, wire transfer information, ABA numbers, check numbers, where applicable, and persons endorsing or authorizing payment on behalf of the payor).

13. Documents reflecting or referring to any property, real or personal, that the Debtor or any Debtor Entity has sold, conveyed, assigned, or gifted to any Person, since January 1, 2011, including, without limitation, documents reflecting or referring to (i) the description of the property; (ii) the date of the sale, conveyance, assignment, or gift; (iii) the value of the property at the time of the sale, conveyance, assignment, or gift; (iv) the amount of consideration for the sale, conveyance, or assignment ; and (v) the purpose of the sale, conveyance, assignment, or gift.

14. Documents reflecting or referring to any transactions between any Person and the Debtor or any Debtor Entity as a result of which the Debtor or Debtor Entity is now, or may in the future become entitled to, money or credit including, without limitation, documents reflecting or referring to (i) the type of transaction; (ii) the parties to the transaction; (iii) the date of the transaction; and (iv) the amount of money or credit to which the Debtor or Debtor Entity is entitled.

15. Documents reflecting or referring to any property, real or personal, that Debtor has sold, conveyed, transferred, or assigned, since January 1, 2011, including, without limitation, documents reflecting or referring to (i) the description of the property; (ii) the date of the sale, conveyance, or assignment of the property; (iii) the person or entity to whom the property was sold, conveyed, or assigned; (iv) the relationship with the person or entity to whom the property

was sold, conveyed, or assigned the property; (v) the reason for the sale, conveyance, or assignment; and (vi) the terms of the sale, conveyance, or assignment.

16. Documents reflecting or referring to any gift Ravi Sakaria has made of any real or personal property to anyone since January 1, 2011, including, without limitation, documents reflecting or referring to (i) the description of the property; (ii) the date the property was gifted; (iii) the person or entity to whom the gift was made; (iv) the relationship with the person or entity to whom the gift was made; and (v) the reason for the gift.

17. Documents reflecting or referring to correspondence between any Person and the Debtor's accountants, including, without limitation, correspondence relating to (i) tax preparation and/or filing; (ii) financial planning; (iii) preparation of financial statements; (iv) financial transactions engaged in by any Person and/or the Debtor; and (v) the creation and maintenance by the Debtor of any individual business, partnership, limited liability company, or corporate entity, including without limitation, any Debtor Entity.

18. Documents reflecting or referring to correspondence between Ravi Sakaria and any accountants, including, without limitation, correspondence relating to (i) tax preparation and/or filing; (ii) preparation of financial statements; and (iii) financial transactions engaged in by You.

19. Documents reflecting or referring to any Federal, State, municipal or foreign income tax returns for 2011, 2012, 2013, 2014, and 2015 filed by, or on behalf of, Ravi Sakaria including, without limitation, any back-up documents used to prepare the tax returns.

20. Documents reflecting or referring to any Federal, State, municipal or foreign income tax returns for 2011, 2012, 2013, 2014, and 2015 filed by, or on behalf of, Debtor including, without limitation, any back-up documents used to prepare the tax returns.

21. Documents reflecting or referring to payments by the Debtor or any Debtor Entity of any leases, mortgages, or deeds of trust, on property leased or owned by or held on behalf of any Person. Your production should include, without limitation, real estate deeds, leases,

mortgages, mortgage notes, deeds of trust, deeds of trust notes, payment schedules, lease payments, lease accruals, mortgage payments, cancelled checks, deposit slips, electronic transfers, and wire instructions.

22.     Documents reflecting or referring to any credit accounts in the name of Ravi Sakaria to which the Debtor or any Debtor Entity has access including, without limitation, documents reflecting or referring to (i) the account number, (ii) the date the account was opened; (iii) the primary signatories to the account; (iv) the credit limit on the account; (v) the current balance on the account; and (vi) records of payments for the last 12 months on the account (including documents identifying the source of funds for the payment).

23.     Documents reflecting or referring to any Financial Records of the Debtor.

24.     Documents reflecting or referring to any Person that has or had access to the Financial Records of the Debtor.

25.     Documents reflecting or referring to any Financial Records of Ravi Sakaria.

26.     To the extent not encompassed within these requests, documents that in any way relate to, regard, concern, or otherwise comprise payroll statements of Debtor from January 1, 2011 to present.

27.     Documents that in any way relate to, regard, concern, or otherwise comprise contracts and/or agreements between Debtor and any vendors or consultants entered into between January 1, 2011 to the present.

28.     Documents that in any way relate to, regard, concern, or otherwise comprise payments from Debtor to any vendors or consultants between January 1, 2011 to present.

29.     Documents that identify any and all employees of Debtor from January 1, 2011 the present.

30.  Documents relating or referring to compensation (including, but not limited to, wages, bonuses, equity interests, or other fringe benefits) paid to Debtor's employees from January 1, 2011 to present.

31.  Documents that in any way relate to, regard, or concern any claims made against Debtor by any of Debtor's employees from January 1, 2011 to present.

32.  Documents that identify any and all independent contractors of Debtor from January 1, 2011 to present.

33.  Documents relating or referring to compensation (including, but not limited to, wages, bonuses, equity interests, or other fringe benefits) paid to any of Debtor's independent contractors from January 1, 2011 to present.

34.  Documents that in any way relate to, regard, or concern, any claims made against Debtor by an of Debtor's independent contractors from January 1, 2011.

35.  Documents reflecting or referring to any real property in which Ravi Sakaria holds any interest. Your production should include, without limitation, documents reflecting or referring to (i) a description of the assets or property; (ii) the location of the assets or property; and (iii) the value of the assets or property.

36.  Any correspondence between Ravi Sakaria and any other individual (excluding retained counsel) that in any way relates to, regards, or otherwise concerns the Settlement Agreement in the matter of *Ketan Patel v. Ravi Sakaria and VoicePulse, Inc.*, Docket No. MDX-C-208-10.

37.  Any and all documents that in any way relate to, regard, concern, otherwise comprise Mr. Patel's efforts to enforce the Settlement Agreement, including, but not limited to, communications between you and any other Person (excluding retained counsel).

38.  Documents that reflect or refer to new customers generated by any Person on behalf of Debtor from January 1, 2011 to present.

11

39.    Documents that reflect or refer to all of Debtor's customers from January 1, 2011 to present.

40.    Documents reflecting or referring to any financial statements, loan applications, or other documents prepared or presented by Ravi Sakaria to any bank, financial institution, lender, mortgage company, or other creditor since January 1, 2011 to present.

41.    Documents reflecting or referring to any interest Ravi Sakaria has in any mortgage, mechanic's lien, or other lien on real property including, without limitation, documents reflecting or referring to (i) the type of interest; (ii) the amount of the lien; (iii) the value of the subject property; (iv) the description of the subject property; and (v) the location of the subject property.

42.    Documents reflecting or referring to any judgments pending in favor of Ravi Sakaria, including, without limitation, documents reflecting or referring to (i) the name and index number of the action; (ii) the name of the court where the action is pending; (iii) the nature of the action; (iv) the names and contact information of all the parties to the action; and (v) to the extent the judgment is a money judgment, the amount of the judgment.

43.    Documents reflecting or referring to any right or interest that Ravi Sakaria, his spouse, and/or his children have in any action now pending in any court or arbitration forum, including, without limitation, documents reflecting or referring to (i) the name and index number of the action; (ii) the name of the court or arbitration forum where the action is pending; (iii) the nature of the action; (iv) the names and contact information of all the parties to the action; and (v) the nature of the right or interest.

44.    Documents reflecting or referring to any of Ravi Sakaria's assets or property in the possession, custody, or control of his spouse, that are subject to liens, attachments, or other encumbrances including, without limitation, documents reflecting or referring to (i) the description of the assets or property; (ii) the location of the assets or property; (iii) the value of the assets or property; and (iv) the lien, attachment, or encumbrance with respect to each asset or property.

45. Documents reflecting or referring to any real estate of which Ravi Sakaria and/or his spouse are or were a lessor, including, without limitation, documents reflecting or referring to (i) the date of the lease; (ii) the terms of the lease, including, without limitation, its duration; (iii) the identity of the lessee; and (iv) the location of the real estate.

46. Documents reflecting or referring to any interest Ravi Sakaria and/or his spouse has in any mortgage, mechanic's lien, or other lien on real property including, without limitation, documents reflecting or referring to (i) the type of interest; (ii) the amount of the lien; (iii) the value of the subject property; (iv) the description of the subject property; and (v) the location of the subject property.

47. Documents reflecting or referring to any accounts (or other assets) Ravi Sakaria has created or maintained, to which the Debtor is a signatory, or to which the Debtor has access, outside the United States, including, without limitation, in the Cayman Islands, British Virgin Islands, Bahamas, the Isle of Man, Jersey (United Kingdom), or Lichtenstein (whether in anstalts, stiftungs, or otherwise).

48. Documents reflecting or referring to any accounts (or other assets) Ravi Sakaria has created or maintained outside the United States, including, without limitation, in the Cayman Islands, British Virgin Islands, Bahamas, the Isle of Man, Jersey (United Kingdom), or Lichtenstein (whether in anstalts, stiftungs, or otherwise).

49. Documents reflecting or referring to expense reports Ravi Sakaria submitted to Debtor from January 1, 2011 to present.

50. Documents reflecting or referring to Debtor's payment of any expenses incurred by any Person from January 1, 2011 to present.

51. Documents comprising Ravi Sakaria's resume.

52. Documents that in any way relate to, regard, concern, or otherwise comprise W-2s that in any way relate to Ravi Sakaria's employment with Debtor.

53.     Documents that in any way relate to, regard, concern, or otherwise comprise W-2s that in any way relate to the employment of any of Ravi Sakaria's family members with Debtor.

54.     Documents that in any way relate to, regard, concern, or otherwise comprise 1099-DIVs that related to Ravi Sakaria's ownership of Debtor.

55.     Documents that in any way relate to, regard, or concern Ravi Sakaria's ownership, involvement, or connection to any entity (other than the Debtor).

56.     Documents that in any way relate to, regard, concern, or otherwise comprise financial statements that Debtor prepared for any Person.

57.     Documents that in any way relate to, regard, concern, or otherwise comprise credit card statements in the name of Ravi Sakaria.

58.     Documents that in any way relate to, regard, concern, or otherwise comprise credit card statements in the name of Debtor.

59.     Documents that reflect or refer to any potential purchaser of Debtor or the assets of Debtor.

60.     Documents that in any way relate to, regard, concern, or otherwise comprise donations made by Ravi Sakaria to any institution, including, without limitation, donations to charitable institutions, medical institutions, and/or educational institutions.

61.     To the extent not encompassed within these requests, documents referring to or reflecting any ownership interest Ravi Sakaria and/or his spouse has in any other entity, business, or joint venture.

62.     To the extent not encompassed within these requests, documents referring to or reflecting any source of income to Ravi Sakaria and/or his spouse from January 1, 2011 to present.

63.     To the extent not encompassed within these requests, documents that regard or concern the Debtor, including without limitation, the Debtor's articles of organization, bylaws, and meeting minutes.

64. To the extent not encompassed within these requests, documents that regard or concern the transfer, conveyance, assignment, or other movement of any assets of the Debtor to any Person since January 1, 2011.