# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT

_____ District of ___New Jersey_____

In re ___VoicePulse, Inc._____          Case No. __16-25075 (MBK)_____
                Debtor

                                         Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Dean P. Koehler, Koehler & Co., 1260 South River Road, Cranbury, NJ 08512_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>Duane Morris LLP<br>The Legal Center<br>1037 Raymond Blvd., Ste. 1800<br>Newark, NJ 07102 | DATE AND TIME<br><br>Production: 9/9/2016, 10 a.m.<br>Deposition: 9/13/2016, 10 a.m. |
| --- | --- |

The examination will be recorded by this method: ___Stenographer_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule attached hereto. Production should be made on or before 9/9/2016.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __August 25, 2016_____

              CLERK OF COURT

                                      OR

_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Ketan Patel_____, who issues or requests this subpoena, are:

Walter J. Greenhalgh, Ugo Colella, John J. Zefutie, Jr., Duane Morris LLP, 1037 Raymond Blvd., Suite 1800, Newark, NJ 07102, 973-424-2000
wjgreenhalgh@duanemorris.com, ucolella@duanemorris.com, jjzefutie@duanemorris.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Walter J. Greenhalgh, Esq.
Ugo Colella, Esq. (*Pro hac vice forthcoming*)
John J. Zefutie, Jr., Esq.
**DUANE MORRIS LLP**
*A Delaware Limited Liability Partnership*
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102
Tel.: (973) 424-2000
Fax.: (973) 424-2001
*Counsel for Creditor*
*Ketan Patel*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| VOICEPULSE, INC., | |
| Debtor. | Case No. 16-25075 (MBK) |

Be advised that the documents contained in the attached **Schedule A** are being requested in the context of a Federal Rules of Bankruptcy Procedure 2004 Subpoena and that discarding or altering any requested documents or deleting, writing over, scrubbing, or otherwise rendering unobtainable any requested electronic information existing at the time of service of this Subpoena will result in irreparable harm to the Creditor Ketan Patel ("Creditor" or "Mr. Patel") and will substantially prejudice his ability to prosecute any claims he may have. Any such destruction or tampering will subject You to an independent civil action. Failure to comply with this subpoena will subject You to such penalties as provided by law.

Dated:  August 25, 2016

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102
*Counsel for Creditor*
*Ketan Patel*

By: s/ *John J. Zefutie, Jr.*
John J. Zefutie, Jr., Esq.

## SCHEDULE A

## DEFINITIONS

A.     "You" and "Your" shall mean the recipient of this Subpoena including, but not limited to, its members, associates, counsel, of counsel, managers, holding companies, parent companies, affiliates, subsidiaries, predecessors, divisions, officers, employees, commissioned salespeople, agents, representatives, and to the extent applicable, each office worldwide.

B.     "Record," "records," "report," "reports," "document," or "documents" are intended to be as comprehensive as possible, and include, without limitation, all "books, papers and other things," all original written, recorded, or graphic matter of any nature whatsoever, identical copies and all non-identical copies thereof, contained in any medium upon which intelligence or information is recorded, in Your possession, custody, or control (as defined in paragraph H, below), regardless of where located; including, without limitation, notes, jottings, papers, records, tangible things, communications, letters, memoranda, ledgers, worksheets, expense vouchers or receipts, books, magazines, notebooks, work papers, affidavits, statements, summaries, contracts, closing binders, diaries, calendars, appointment books, registers, charts, tables, agreements, contracts, purchase orders, acknowledgments, invoices, authorizations, budgets, analyses, reports, studies, evaluations, projections, transcripts, minutes of meetings of any kind, correspondence, telegrams, cables, telex messages, teletypes, drafts, movie film, slides, photograph records, photographs, microfilm, data processing disks or tapes, and computer-produced interpretations thereof, printout sheets, punch cards, instructions, announcements, schedules, spreadsheets, price lists, financial statements, balance sheets, income statements, mechanical or electric sound recordings and transcripts thereof, all records kept by electronic, photographic, mechanical or computer means, and notes or drafts relating to any of the foregoing, and all things similar to any of the foregoing, however denominated.  In all cases where originals and/or non-identical copies

are not available, "record," "records," "report," "reports," "document," and "documents" also mean identical copies of original documents and copies of non-identical copies.

C.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside its scope.

D.     The use of the singular form of any word includes the plural and vice versa.

E.     The term "any" shall, in this subpoena, be construed as including "all" and "each."

F.     The term "Person" is defined as any natural person or any business, legal, or governmental entity or association.

G.     The term "Settlement Agreement" shall mean the Settlement Agreement entered into on November 23, 2010 in the matter captioned as *Ketan Patel v. Ravi Sakaria and VoicePulse, Inc.*, Docket No. MDX-C-208-10.

H.     The term "control" (including, with correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any person or entity, shall mean the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such person or entity, whether through the ownership of voting securities, by contract or otherwise.

I.     The terms "entity" or "entities" shall include all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited duration companies, limited liability partnerships, any governmental or regulatory authority and all other forms of incorporated and unincorporated organizations that are not natural persons.

J.     "Debtor" shall mean VoicePulse, Inc.

K.     "Creditor" or "Mr. Patel" shall mean Ketan Patel.

L. "Ravi Sakaria" or "Mr. Sakaria" shall refer to Ravi Sakaria, President of Debtor.

M. "Debtor Entity" shall mean any entity in the Debtor is a member or officer, directly or indirectly, or in which Debtor has a 1% ownership interest or greater.

N. "Financial Records" shall mean and includes each of the following that were provided to You or by You or prepared by You or for You:

 1. Accountants' work papers.

 2. Financial statements, including but not limited to, balance sheets, income statements, cash flow statements and statements of shareholder equity, and consolidated and consolidating statements.

 3. General or other ledgers or journals.

 4. Bank statements and reconciliations.

 5. Financial Reports.

 6. Trial balances.

 7. Charts of Accounts.

## INSTRUCTIONS

1. If You believe that any of the following requests for production of documents calls for an assertion of a claim of privilege, produce so much of the document(s) as is not objected to, state the part of each request as to which You raise objection, and set forth the basis for Your claim of privilege with respect to such information You refuse to give with sufficient specificity so as to allow the Court to determine the appropriateness of the objection.

2. If, for reasons other than a claim of privilege, You refuse to produce any document described herein, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

3. Documents produced shall be segregated and marked according to the request(s) in response to which they are produced.

4.     Each of these Definitions and Instructions shall be fully applicable to each request for production, notwithstanding that such Definition or Instruction may, in whole or in part, be reiterated in a particular request, or that a particular request may incorporate supplemental instructions or definitions.

5.     Unless otherwise specified, this subpoena applies to the time period from January 1, 2011 to the present.

## LOST OR DESTROYED DOCUMENTS

If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify the document as completely as possible, providing as much of the following information as possible:

a.     the type of document;

b.     its date;

c.     the date or approximate date it was lost, discarded or destroyed; and

d.     identify the custodian of the document immediately prior to the document being lost, discarded or destroyed.

## SCHEDULE OF DOCUMENTS

1.     Documents reflecting or referring to the relationship of You to the Debtor.

2.     Documents concerning or reflecting the issuance of shares of stock of Debtor from January 1, 2011 to present.

3.     All documents concerning the formation of Debtor, including any certificates of incorporation, by-laws, or amendments to same.

4.     Documents concerning or reflecting your retention by Debtor.

5.     Documents concerning or reflecting Debtor's profits and/or losses from January 1, 2011 to present.

6. Documents concerning or reflecting Debtor's expenses from January 1, 2011 to present.

7. Documents that in any way relate to, regard, concern, or otherwise comprise of communications between You and any other Person regarding Debtor.

8. Documents concerning or reflecting all bank accounts of Debtor.

9. Documents concerning all deposits into any of Debtor's bank accounts from January 1, 2011 to present.

10. Documents concerning each withdrawal at any Person's request or direction from any of Debtor's bank accounts from January 1, 2011 to present.

11. Documents referring or reflecting balances or bank statements pertaining to any of Debtor's bank accounts from January 1, 2011 to present.

12. To the extent not encompassed within these requests, any and all communications between You and Mr. Sakaria.

13. Documents that in any way relate to, regard, concern, or otherwise comprise tax returns filed by or on behalf of Debtor from January 1, 2011 to present.

14. Documents that in any way relate to, regard, or concern compensation paid by Debtor to Mr. Sakaria.

15. Documents that in any way relate to, regard, concern, or otherwise comprise agreements between Debtor and Mr. Sakaria concerning Mr. Sakaria's compensation and/or reimbursement of expenses from January 1, 2011 to present.

16. All documents that were provided to you or reviewed by you with regard to Debtor.

17. Documents referring or reflecting the financial condition of Debtor.

18. Documents that in any way relate to, regard, concern, or otherwise comprise financial statements prepared by, or on behalf of, the Debtor for any Person.

19.     To the extent not encompassed within these requests, any and all documents that in any way concern Debtor.

20.     Documents that in any way relate to, regard, concern, or otherwise comprise communications between you and any other Person regarding the Settlement Agreement.

21.     Documents referring to or reflecting any ownership interest of Mr. Sakaria in any other Person.

22.     Documents referring to or reflecting any source of income to Mr. Sakaria and/or his spouse from January 1, 2011 to present.

23.     Documents referring to or reflecting meeting minutes or action taken by the Debtor with regard to any matter that concerned the Debtor's business and/or operations.