| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>TRENK, DiPASQUALE,<br>DELLA FERA & SODONO, P.C.<br>347 Mt. Pleasant Avenue, Suite 300<br>West Orange, NJ 07052<br>(973) 243-8600<br>Anthony Sodono, III<br>Michele M. Dudas<br>*Counsel for VoicePulse, Inc.,*<br>*Chapter 11 Debtor and Debtor-in-Possession* |  |
| In re:<br><br>VOICEPULSE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-25075 (MBK)<br><br>Hearing Date and Time:<br><br>September 15, 2016, at 10:00 a.m. |

## SECOND INTERIM ORDER AUTHORIZING
## DEBTOR'S USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED.**

*/s/ Michael B. Kaplan*

MICHAEL B. KAPLAN, USBJ

9/29/16

(Page 2)

| | |
|---|---|
| Debtor: | VoicePulse, Inc. |
| Case No.: | 16-25075 (MBK) |
| Caption of Order: | Second Interim Order Authorizing Debtor's Use of Cash Collateral |

---

This matter is before the Court on the motion of VoicePulse, Inc., Chapter 11 debtor and debtor-in-possession (the "Debtor") for interim and final orders authorizing the Debtor to use cash collateral pursuant to sections 105, 363(c)(2)(B), 363(e), and 507(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-4 of the District of New Jersey's Local Bankruptcy Rules (the "Local Bankruptcy Rules"). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by Debtor to (1) the United States Trustee, (2) WebBank (the "Secured Creditor"), and (3) the Debtor's twenty (20) largest unsecured creditors. In further consideration of the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.   <u>Notice and Hearing.</u> Notice of the motion and order shortening time pursuant to Local Bankruptcy Rule 9013-1(e) and Bankruptcy Rule 9006(c) for the preliminary hearing on Debtor's use of cash collateral have been served in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), or if by consent, under Bankruptcy Rule 4001(d), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.   <u>Chapter 11 Filed.</u> Debtor filed its petition under Chapter 11 of the Bankruptcy Code on August 5, 2016 (the "Petition Date"), and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

(Page 3)
Debtor:            VoicePulse, Inc.
Case No.:          16-25075 (MBK)
Caption of Order:  Second Interim Order Authorizing Debtor's Use of Cash Collateral

---

C. <u>First Interim Order</u>. On August 16, 2016, this Court entered the First Interim Order Authorizing Debtor's Use of Cash Collateral, which authorized the use of Cash Collateral (as defined therein and below) for the periods set forth in the Cash Collateral Budget annexed thereto.

D. <u>Pre-Petition Debt.</u> As of February 26, 2016, Secured Creditor has alleged a first priority secured claim against the Debtor in the approximate amount of $122,300.

E. <u>Pre-Petition Collateral.</u> Debtor presently asserts that the Secured Creditor has an alleged lien on certain assets of Debtor as of the commencement of the case including, but not limited to, the Debtor's accounts and inventory, and other collateral which is or may result in cash collateral.

F. <u>Cash Collateral.</u> "Cash Collateral" as defined by section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts, or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 522(b) and as the term "proceeds" is described in UCC Section 9-306.

G. <u>Necessity and Best Interest.</u> The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set

(Page 4)
Debtor:              VoicePulse, Inc.
Case No.:            16-25075 (MBK)
Caption of Order:    Second Interim Order Authorizing Debtor's Use of Cash Collateral

---

forth herein is necessary to avoid immediate and irreparable harm to its estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing on the confirmation of the Debtor's proposed plan of reorganization is not to exceed the amounts reflected in the Cash Collateral Budget.

H.  Purposes. The Debtor is authorized to use cash collateral as limited in the Cash Collateral Budget annexed hereto as **Exhibit "A"** to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of Debtor to (a) maintain and preserve its assets and (b) continue operation of its business, including but not limited to payroll and payroll taxes, and insurance expenses as reflected in the Cash Collateral Budget.

The Court having considered the Limited Objection to the Entry of a Final Order Approving the Use of Cash Collateral filed on behalf of Ketan Patel (Docket No. 60) (the "Limited Objection") and the arguments of counsel at the hearing held on September 15, 2016, and for the reasons set forth on the record; and the Court having determined that the Debtor may prevail upon the merits at the final hearing of the Motion as required by section 363(c)(3) of the Bankruptcy Code; and for good cause shown, it is

**ORDERED** as follows:

1.  Use of Cash Collateral. The Debtor is authorized, on a second interim basis continuing through November 30, 2016 pursuant to the Cash Collateral Budget annexed hereto as **Exhibit A**, to use cash collateral for the following purposes:

    a.  maintenance and preservation of its assets;

(Page 5)

Debtor: VoicePulse, Inc.
Case No.: 16-25075 (MBK)
Caption of Order: Second Interim Order Authorizing Debtor's Use of Cash Collateral

---

    b.    the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;

    c.    the purchase of replacement inventory; and

    d.    any United States Trustee Fees due under 28 U.S.C. § 1930.

2.    Adequate Protection. As adequate protection for use of cash collateral, the Secured Creditors are GRANTED:

    a.    Replacement Lien. A replacement perfected security interest under section 361(2) of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by Debtor, to the extent and with the same priority in Debtor's post-petition collateral, and proceeds thereof that the Secured Creditor held in Debtor's pre-petition collateral.

    b.    Statutory Rights Under Section 507(b). To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interests in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to section 507(b) of the Bankruptcy Code, senior to any and all claims against Debtor under section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding, but subject to any fees due under 28 U.S.C. § 1930.

    c.    Deemed Perfected. The replacement lien and security interest granted herein are automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditors taking possession, filing financing statements, mortgages, or other documents. Although not required, upon request by the Secured Creditor, Debtor shall execute and deliver to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Secured Creditor are authorized to receive, file, and record the foregoing at the Secured Creditor own expense, which actions shall not be deemed a violation of the automatic stay.

    d.    Periodic Accountings. Within fourteen (14) days of the entry of this Order, but not less than three (3) business days from the scheduled final hearing on the use of cash collateral, the Debtor shall provide an accounting to the Secured Creditor setting forth the cash receipts and disbursements made by Debtor under this Order. In addition, the Debtor shall provide the Secured Creditor and the attorneys for Ketan Patel all other reports required by the pre-petition loan documents and any other reports

(Page 6)

Debtor: VoicePulse, Inc.

Case No.: 16-25075 (MBK)

Caption of Order: Second Interim Order Authorizing Debtor's Use of Cash Collateral

---

reasonably required by the Secured Creditors as well as copies of the Debtor's monthly United States Trustee operating reports. Upon appointment of a Creditor's Committee, if any, the Debtor shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

    e.    <u>Default Hearing.</u> In the event the Debtor defaults or violates this Order, the Secured Creditor is entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss, or damage may occur, an emergency hearing within 48 hours). For purposes of this Order, however, Debtor shall not be deemed to be in default for any deviation from the Cash Collateral Budget provided such deviation is plus/minus ten (10%) the budgeted disbursements, either on a cumulative basis for the period specified in **Exhibit "A"** or with regard to any specified budgeted line item, contained in **Exhibit "A."**

    3.    <u>Creditors' Rights of Inspection and Audit.</u> Upon reasonable notice by the Secured Creditor, the Debtor shall permit such creditors and any of their agents reasonable and free access to the Debtor's records and places of business during normal business hours to verify the existence, condition, and location of collateral in which said creditor holds a security interest and to audit the Debtor's cash receipts and disbursements.

    4.    <u>Deferment of Salary of Ravi Sakaria, President.</u> The annual salary of Ravi Sakaria ("Sakaria"), President of the Debtor, is hereby deferred, until further Order of this Court, from $416,000 annually ("Original Salary") to $260,000 ("Deferred Salary") annually, payable at $5,000 per week. Sakaria shall be entitled to an administrative claim for any difference between the Original Salary and the Deferred Salary, and any interested party may seek to dissolve or modify this restriction upon appropriate application to the Court.

    5.    The Debtor shall file by November 16, 2016, its Monthly Operating Report ("MOR") for the period ending October 31, 2016 with the Clerk of this Court.

(Page 7)
Debtor:            VoicePulse, Inc.
Case No.:          16-25075 (MBK)
Caption of Order:  Second Interim Order Authorizing Debtor's Use of Cash Collateral

---

## FINAL HEARING ORDER

**IT IS FURTHER ORDERED AND NOTICE IS HEREBY GIVEN** that any creditor or other interested party having any objection to this Second Interim Order shall file with the Clerk of this Court and served upon counsel for the Debtor on or before the 17th day of November, 2016, a written objection and shall appear to advocate said objection at a Final Hearing to be held before the Honorable Michael B. Kaplan, United States Bankruptcy Judge, at on the 21st day of November, 2016, at 11:00 a.m. in Courtroom 8 of the United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

**IT IS FURTHER ORDERED** that the Debtor serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the Office of the United States Trustee; (2) the Secured Creditor; and (3) the Debtor's twenty (20) largest unsecured creditors; any other parties claiming an interest in the cash collateral; and any other party that requested notice. The Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

4811-4438-8920, v. 2

# EXHIBIT A

## VoicePulse (2016)
September - November, 2016

|  | SEP 2016 | OCT 2016 | NOV 2016 | TOTAL |
|---|---:|---:|---:|---:|
| **INCOME** | | | | |
| Revenue | 139,000.00 | 139,000.00 | 139,000.00 | $417,000.00 |
| Carrier Revenue | 0.00 | 0.00 | 0.00 | $0.00 |
| Services | 0.00 | 0.00 | 0.00 | $0.00 |
| **Total Revenue** | 139,000.00 | 139,000.00 | 139,000.00 | $417,000.00 |
| **Total Income** | $139,000.00 | $139,000.00 | $139,000.00 | $417,000.00 |
| **COST OF GOODS SOLD** | | | | |
| 6801 IaaS Fees | 6,500.00 | 6,500.00 | 6,500.00 | $19,500.00 |
| 6900a Line Costs | 15,650.00 | 15,650.00 | 15,650.00 | $46,950.00 |
| 6901 CNAM | 2,900.00 | 2,900.00 | 2,900.00 | $8,700.00 |
| 6902 DID | 800.00 | 800.00 | 800.00 | $2,400.00 |
| 6903 Colocation | 14,500.00 | 14,500.00 | 14,500.00 | $43,500.00 |
| 6904 E911 | 4,800.00 | 4,800.00 | 4,800.00 | $14,400.00 |
| 6906 Voicemail | 560.00 | 560.00 | 560.00 | $1,680.00 |
| 6907 Inbound Toll Free | 7,500.00 | 7,500.00 | 7,500.00 | $22,500.00 |
| 6940 Toll Charges | 4,500.00 | 4,500.00 | 4,500.00 | $13,500.00 |
| **Total 6900a Line Costs** | 51,210.00 | 51,210.00 | 51,210.00 | $153,630.00 |
| Line Cost Taxes | 4,000.00 | 4,000.00 | 4,000.00 | $12,000.00 |
| **Total Cost of Goods Sold** | $61,710.00 | $61,710.00 | $61,710.00 | $185,130.00 |
| **GROSS PROFIT** | $77,290.00 | $77,290.00 | $77,290.00 | $231,870.00 |
| **EXPENSES** | | | | |
| 6180 Employee Benefits | | | | $0.00 |
| 6181 Employee Health | 2,100.00 | 2,100.00 | 2,100.00 | $6,300.00 |
| 6182 Vision Insurance | 70.00 | 70.00 | 70.00 | $210.00 |
| 6183 DENTAL-Employee | 325.00 | 325.00 | 325.00 | $975.00 |
| **Total 6180 Employee Benefits** | 2,495.00 | 2,495.00 | 2,495.00 | $7,485.00 |
| 6190 Insurance | 800.00 | 800.00 | 800.00 | $2,400.00 |
| 6200 Advertising/Promotional | | | | $0.00 |
| 6201 Consulting Fees | 0.00 | 0.00 | 0.00 | $0.00 |
| **Total 6200 Advertising/Promotional** | 0.00 | 0.00 | 0.00 | $0.00 |
| 6210 Banking Fees | 1,900.00 | 1,900.00 | 1,900.00 | $5,700.00 |
| 6230 Customer Service Center | 4,600.00 | 4,600.00 | 4,600.00 | $13,800.00 |
| 6231 On-Call Expenses | 400.00 | 400.00 | 400.00 | $1,200.00 |
| **Total 6230 Customer Service Center** | 5,000.00 | 5,000.00 | 5,000.00 | $15,000.00 |
| 6250 Postage And Delivery | 400.00 | 400.00 | 400.00 | $1,200.00 |
| 6270 Payroll Expenses | 49,000.00 | 49,000.00 | 49,000.00 | $147,000.00 |
| 6277 Payroll Administration | 100.00 | 100.00 | 100.00 | $300.00 |
| **Total 6270 Payroll Expenses** | 49,100.00 | 49,100.00 | 49,100.00 | $147,300.00 |
| 6290 Professional Fees | 2,000.00 | 2,000.00 | 2,000.00 | $6,000.00 |
| 6293 US Trustee fees | 1,000.00 | 1,000.00 | 1,000.00 | $3,000.00 |
| 6294 Adequate Protection Payments | 1,300.00 | 1,300.00 | 1,300.00 | $3,900.00 |
| **Total 6290 Professional Fees** | 4,300.00 | 4,300.00 | 4,300.00 | $12,900.00 |

|                                  | SEP 2016    | OCT 2016    | NOV 2016    | TOTAL        |
|----------------------------------|-------------|-------------|-------------|--------------|
| 6300 Rent                        | 4,700.00    | 4,700.00    | 4,700.00    | $14,100.00   |
| 6320 Software                    | 40.00       | 40.00       | 40.00       | $120.00      |
| 6350 Utilities                   |             |             |             | $0.00        |
| 6351 Gas & Electric              | 850.00      | 850.00      | 850.00      | $2,550.00    |
| **Total 6350 Utilities**         | **850.00**  | **850.00**  | **850.00**  | **$2,550.00**|
| 6550 Office/Administrative       |             |             |             | $0.00        |
| 6551 Office Supplies             | 250.00      | 250.00      | 250.00      | $750.00      |
| 6553 Dues & Subscription         | 1,600.00    | 1,600.00    | 1,600.00    | $4,800.00    |
| 6556 Telephone/Internet          | 820.00      | 820.00      | 820.00      | $2,460.00    |
| 6557 Coffee, Water & Snacks      | 60.00       | 60.00       | 60.00       | $180.00      |
| **Total 6550 Office/Administrative** | **2,730.00** | **2,730.00** | **2,730.00** | **$8,190.00** |
| Amortization                     | 600.00      | 600.00      | 600.00      | $1,800.00    |
| Commissions & fees               | 2,100.00    | 2,100.00    | 2,100.00    | $6,300.00    |
| **Total Expenses**               | **$75,015.00** | **$75,015.00** | **$75,015.00** | **$225,045.00** |
| NET OPERATING INCOME             | $2,275.00   | $2,275.00   | $2,275.00   | $6,825.00    |
| NET INCOME                       | $2,275.00   | $2,275.00   | $2,275.00   | $6,825.00    |